# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-414


RUBEN V. ARAGON

VERSUS

FREDERICK W. CHAPMAN, III


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 20061721
HONORABLE BYRON HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and J. David Painter, Judges

AFFIRMED.

D. Patrick Keating
Attorney at Law
P.O. Box 490
Opelousas, LA 70571
Counsel for Defendant-Appellant:
    Frederick W. Chapman, III

Camille Bienvenu Poché
Attorney at Law
P.O. Drawer 3408
Lafayette, LA 70502
Counsel for Plaintiff-Appellee:
    Ruben V. Aragon

**PAINTER, Judge**

Defendant, Frederick D. Chapman, III, appeals the trial court's decision to grant the Motion for Summary Judgment on behalf of Plaintiff, Ruben V. Aragon, in this suit on a note given by Chapman in settlement of a claim by Aragon.

**FACTS**

In August 1997, Aragon advanced $213,000.00 to the Turner Group. Chapman issued a personal guarantee of repayment of those funds. Aragon allegedly obtained a default judgment in an Oklahoma court against Chapman for the $213,000.00 debt. He then had the judgment made executory and recorded it in Louisiana in 1998. In September 1998, Chapman filed for protection under Chapter 7 of the U.S. Bankruptcy Code. Aragon filed a complaint in the Bankruptcy Court to determine whether the $213,000.00 debt was dischargeable. On May 25, 1999, the parties entered a consent judgment whereby Chapman agreed to execute a $25,000.00 note in favor of Aragon in exchange for conclusion of all claims the parties had against one another on that date. The note provided for in the consent judgment was executed, and on April 7, 2005, Aragon filed this suit to collect the amount due under the note. In his answer to the suit, Chapman alleged that Aragon had forgiven the debt owed by the Turner Group in exchange for certain oil and gas properties owned by the Turner Group, thereby satisfying the obligation underlying the note and rendering the note without consideration.

Aragon filed a motion for summary judgment asserting that no issue of fact remained, but that Chapman was indebted to him under the terms of the note, and that payment was due thereunder. Chapman apparently filed an opposition to the motion; however, that opposition has not been made part of the record.

After a hearing, the trial court rendered judgment in favor of Aragon finding that the consideration for the note was the consent judgment entered by the parties. We affirm.

**DISCUSSION**

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2).

. . . .

. . . . A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Smith v. Our Lady of the Lake Hosp. Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 751; *Penalber v. Blount*, 550 So.2d 577, 583 (La.1989). Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. *Id.*

*Hardy v. Bowie*, 98-2821, pp. 4-6 (La. 9/8/99), 744 So.2d 606, 609-10.

We will review the trial court's decision granting Aragon's motion for summary judgment using a *de novo* standard of review. *Id.*

Chapman asserts that the trial court erred in granting summary judgment because questions of fact remain as to whether the personal guarantee was extinguished and, as a result, as to whether or not there was consideration for the promissory note. However, Chapman overlooks the fact that any claims regarding the personal guarantee were ended by the May 25, 1999 compromise of the claim as to the dischargeability of the judgment for the amount of the guarantee.

A *transaction* or *compromise* is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust

2

their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

La.Civ.Code art. 3071.

Further, La.Civ.Code art. 3078 provides that: "[t]ransactions have, between the interested parties, a force equal to the authority of things adjudged." In other words, a transaction or compromise has the force of a final enforceable judgment. The compromise, by its own terms, discharges "all claims, causes of action or other demands that Aragon may have against Debtor, or that Debtor may have against Aragon," as of the date it was entered. It was approved, as required by law, by the U.S. Bankruptcy Judge. While questions of fact may remain as to whether the debt underlying the guarantee was forgiven and as to whether the judgment obtained by Aragon was dischargeable, these questions of fact are not material to the matter before us.

In exchange for the dismissal of the claims, valid or otherwise, which Aragon had against him, Chapman executed a promissory note in favor of Aragon. An obligation, such as a promissory note, "cannot exist without a lawful cause." La.Civ.Code art. 1966. Cause, according to La.Civ.Code art. 1967, "is the reason why a party obligates himself." In this case, the compromise, which ended the dispute over the dischargeability of the judgment against Chapman, with its inherent risk of loss, as well as the certainty of additional legal fees entailed in disputing the claim, supplied a more than sufficient cause for Chapman's execution of the note.

Therefore, we find no error in the trial court's conclusion that no issue of fact remains as to the existence of a cause or consideration for the promissory note sued upon.

3

## CONCLUSION

For these reasons, the trial court's decision to grant Aragon's motion for summary judgment is affirmed. Costs of this appeal are assessed to the Defendant-Appellant, Frederick W. Chapman, III.

**AFFIRMED.**